## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re:  MAGNY, JENNIFER**<br>     **SSN: xxx-xx-1442**<br>     **Debtor(s)** | **Chapter 13**<br>**Case No. 19-14296-FJB** |

### TRUSTEE'S OBJECTION TO CONFIRMATION OF
### THE DEBTORS' CHAPTER 13 PLAN

Now comes Carolyn A. Bankowski, Standing Chapter 13 Trustee ("Trustee"), and respectfully objects to confirmation of the Debtor's Chapter 13 Plan, (the "Plan"), and for reasons says as follows:

1. The Debtor filed a Chapter 13 petition for bankruptcy relief on December 19, 2019.

2. On May 6, 2020, the Trustee convened and presided at a continued Sec. 341 Meeting of Creditors wherein the Debtor appeared with Counsel was sworn and examined.

3. The Debtor filed the Plan on February 18, 2020. The Trustee is unable to recommend confirmation at this time.

4. Review of the Debtor's Schedule A/B specifically line 25) Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit: the Debtor lists two trusts, United Realty Trust and Pierre G. Magny Trust, both of which are valued at $0.00. However, the Debtor failed to provide documents for both trusts and the Trustee is unable to determine if either trust is a valid spendthrift trust.

5. Moreover, review of Exhibit 2 Liquidation Analysis shows a *'Total Available in Chapter 7'* in the amount of $6,750.00. The Plan only proposes to pay $447.00 to the holders of general unsecured claims. Therefore, the Trustee asserts that there may be additional non-exempt equity available and the Plan as proposed does not satisfy the best interest of creditors test set forth in 11 U.S.C. sec. 1325(a)(4).

6. Review of Schedule J shows a *'monthly net income'* in the amount of $120.00, which after factoring the proposed Plan payment of $107.00 leaves additional disposable income available to dedicate to the Plan.

7. The Debtor testified that her income fluctuates depending upon the time of year, as the Debtor works on commission. The Trustee requested updated income documentation though the present date to review in order to determine if the Plan satisfies the best efforts test 11 U.S.C. sec. 1325 (b)(1)(B).

8.      Finally, the Plan only provides to pay attorney's fees and a *'POT'* of <u>$447.00</u> with an estimated divided of <u>1%</u>.  The First Circuit has held that fee only plans should only be used where there may be rare special circumstances in which the odd arrangement is justified.  <u>See</u> In re Puffer, 674.F.3d 78,83 (1st Cir. 2012).  The Court further stated that a debtor who submits such a Plan carries a heavy burden of demonstrating special circumstances that justify its submission. <u>Id</u>. The Debtor has failed to specify any special circumstances that would warrant what is basically a fee only Plan.

9.      Based on the aforementioned, the Trustee is unable to recommend the plan for confirmation at this time.

        WHEREFORE, the Trustee requests that the Court sustain the objection to confirmation and for such other relief as is proper.

Dated: <u>May 11, 2020</u>                Respectfully submitted,
                                          Carolyn A. Bankowski
                                          Standing Chapter 13 Trustee
                                          By: <u>**/s/ Carolyn A. Bankowski**</u>
                                          Carolyn A. Bankowski, BBO# 631056
                                          Patricia A. Remer, BBO #639594
                                          Office of the Chapter 13 Trustee
                                          PO Box 8250
                                          Boston, MA  02114-0033
                                          (617) 723-1313
                                          13Trustee@ch13boston.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:  **MAGNY, JENNIFER**<br>        **SSN: xxx-xx-1442**<br>                               **Debtor(s)** | **Chapter 13**<br>**Case No. 19-14296-FJB** |

<u>**Certificate of Service**</u>

The undersigned hereby certifies that on <u>May 11, 2020</u>, a copy of the Trustee's Objection to Debtors' Chapter 13 Plan was served via electronic filing, first class mail, postage prepaid on the debtors and debtors' counsel at the addresses set forth below.

Jennifer Magny
20 Mercier Avenue
Dorchester, MA 02124

Herbert Weinberg, Esq.
Rosenberg & Weinberg
805 Turnpike Street, Suite 201
North Andover, MA 01845

By: <u>**/s/ Carolyn A. Bankowski**</u>
        Carolyn A. Bankowski