UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:

Jennifer Magny

Debtor

Chapter 13
Docket No: 19-14296-FJB

## OBJECTION TO CONFIRMATION OF THE DEBTOR'S FIRST AMENDED CHAPTER 13 PLAN

NOW COMES Charles Street Family Chiropractic, Inc. (hereinafter "CSFC"), by and through counsel, and respectfully objects to the confirmation of the Debtor's First Amended Chapter 13 Plan (hereinafter the "Amended Plan") filed on May 24, 2020 [Doc 60].

### Introduction

1. The Debtor filed this Chapter 13 case on December 19, 2019.

2. On May 6, 2020, the Chapter 13 Trustee convened a 341 meeting. The Debtor appeared telephonically along with her counsel. Undersigned counsel for CSFC also appeared telephonically and questioned the Debtor.

3. On February 27, 2020, CSFC filed a Proof of Claim as a secured creditor in the amount of $48,918.68. No objection to that claim was filed and the bar date for filing such an objection has passed.

4. Prior to the 341 meeting, and pursuant to CSFC's Motion to Conduct a Rule 2004 Examination [Doc 44; allowed at Doc 45], the Debtor provided CSFC with, among other things, pre- and post-petition bank statements  Upon review of those bank statements, the Debtor's Schedules, and the Amended Plan,  CSFC objects to the confirmation of the Amended Plan for the reasons specified below.

**Bases for Objection**

5. The Debtor has failed to include CSFC in Amended Plan as a secured creditor per CSFC's allowed Proof of Claim, nor has she sought or received CSFC's consent to its lack of appropriate treatment in the Amended Plan, therefore, the Amended Plan cannot be confirmed pursuant to 11 U.S.C. § 1325(a)(5).

6. The Debtor proposes to pay a total of $599.64 to unsecured creditors and $3,000.00 to her counsel. This proposal is essentially the same as that made in her original Chapter 13 Plan, wherein she had proposed payments totaling $447.00 to unsecured creditors and the same $3,000.00 to her counsel. This is a "fee only" plan which should only be confirmed upon a showing of special circumstances which the Debtor has not claimed, nor has she demonstrated. In re Puffer, 674 F.3d 78 (1st Cir. 2012). The Debtor's plan is, therefore, not proposed in good faith pursuant to 11 U.S.C. § 1325(a)(3) and confirmation should be denied.

7. In her Schedule I, the Debtor claims to receive $2,500.00 per month as her sole source of income as an insurance salesperson. Upon review of her bank statements, the Debtor deposited in the first 90 days after filing this Chapter 13 case a total of $46,709.00, mostly from United Healthcare Insurance Company. The Debtor has grossly understated her post-petition income and, therefore, her First Amended Chapter 13 Plan does not satisfy the "best efforts" test at 11 U.S.C. §1325(b)(1)(B). The Debtor's failure to commit all of her disposable income also violates the good faith requirement at 11 U.S.C. § 1325(a)(3). Confirmation should be denied for either or both of those reasons.

8. Also in the first 90 days after filing this Chapter 13 case, the Debtor's bank statements show eight (8) cash withdrawals totaling $33,820.00. At the 341 meeting, undersigned counsel questioned the Debtor about the purpose of these withdrawals to

which the Debtor stated that she had to pay expenses (or words to that effect). In her Schedule J, the Debtor claims monthly expenses totaling only $2,380.00. The Debtor has failed to account for any of these excessive post-petition cash withdrawals, which may in fact be unauthorized post-petition transfers under 11 U.S.C. § 549. These funds should otherwise have been available to pay the Debtor's creditors, and therefore the Debtor's First Amended Chapter 13 Plan is not in the best interests of her creditors pursuant to 11 U.S.C. § 1325(a)(4), and confirmation should be denied on that basis.

9. The Debtor's bank statements also show post-petition payments to Citi Card totaling $3,180.72 and Discover totaling $11,056.40. In a separate objection [Doc 64], the Chapter 13 Trustee indicated the Debtor's failure to disclose potentially preferential pre-petition payments totaling $10,204.09 to the same creditors (and a third creditor). In her response to the Trustee's objection, the Debtor stated that these credit cards were her mother's to which the Debtor had access and had apparently used. Upon information and belief, these post-petition payments are a continuation of the Debtor's pre-petition behavior and may in fact be unauthorized post-petition transfers under 11 U.S.C. § 549. These funds should otherwise have been available to pay the Debtor's creditors rather than her mother's creditors, and therefore the Debtor's First Amended Chapter 13 Plan is not in the best interests of her creditors pursuant to 11 U.S.C. § 1325(a)(4), and confirmation should be denied on that basis.

WHEREFORE, Charles Street Family Chiropractic, Inc. respectfully requests that this Court deny confirmation of the Debtor's First Amended Chapter 13 Plan.

*Signature appears on the following page*

                                              Respectfully submitted,
                                              Charles Street Family Chiropractic, Inc,
                                              By its attorney,

Dated: June 18, 2020                    /s/ Joshua A. Burnett, Esq.
                                              Joshua A. Burnett, Esq., BBO# 677792
                                              BRAUCHER & AMANN, PLLC
                                              764 Chestnut Street
                                              Manchester, NH 03104
                                              Office: 603-486-1530 x105
                                              Mobile: 978-933-1850 (preferred)
                                              Email: jburnett@ba-lawgroup.com

## CERTIFICATE OF SERVICE

I, Joshua A. Burnett, Esq., certify that a copy of the **Objection to Confirmation of the Debtor's First Amended Chapter 13 Plan,** relative to the above entitled matter, has been served by electronic mail via the U.S. Bankruptcy Court's CM/ECF system to the Office of the United States Trustee, the Office of the Chapter 13 Trustee, counsel for the Debtor, and all other parties who have requested such notice.

                                              Signed under pains and penalties of perjury,

Dated: June 18, 2020                    /s/ Joshua A. Burnett, Esq.
                                              Joshua A. Burnett, Esq., BBO# 677792
                                              BRAUCHER & AMANN, PLLC
                                              764 Chestnut Street
                                              Manchester, NH 03104
                                              Office: 603-486-1530 x105
                                              Mobile: 978-933-1850 (preferred)
                                              Email: jburnett@ba-lawgroup.com