UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>Jennifer Magny<br><br>              Debtor | Chapter 13<br>Docket No: 19-14296-FJB |

## SUPPLEMENTAL MOTION TO CONDUCT RULE 2004 EXAMINATION
## AND
## REQUEST FOR EMERGENCY DETERMINATION

      NOW COMES Charles Street Family Chiropractic, Inc. (hereinafter the "Creditor"), by and through counsel, and respectfully requests that this Court grant the Creditor further authority to conduct discovery pursuant to Fed. R. Bankr. P. 2004, with respect to the acts, conduct, property, liabilities and financial condition of the Debtor, as described below.

      1.      The Creditor filed a Motion to Conduct a Rule 2004 Examination on February 27, 2020 [Doc 44], which the Court allowed on March 13, 2020 without objection from the Debtor [Doc 45].

      2.      Pursuant to that Motion, the Creditor subpoenaed the Debtor to appear at an examination and to produce certain documents related to the Debtor's pre- and post-petition financial affairs. The Debtor appeared at an examination (via Zoom video conference) on July 17, 2020. Numerous additional issues arose during the examination. Undersigned counsel suspended the examination in order to further explore those issues and convene a further examination if necessary.

      3.      During the examination, the Debtor testified about a number of matters pertaining to her pre- and post-petition financial affairs, and, based upon which, the Creditor is seeking further authority to investigate pursuant to Rule 2004. Those matters are summarized below.

      4.      The Debtor's pre-petition bank statements show numerous cash withdrawals and large checks made payable to family members totaling over $70,000.00 during a roughly year-and-a-half period prior to filing. Her post-petition bank statements show a continued pattern of cash withdrawals totaling at least $50,000.00 of checks and withdrawals since this bankruptcy case was filed [1]. The Debtor testified that these withdrawals were made so that she could pay for certain "expenses", however the Debtor could not provide any specifics about those expenses, either by type or amount, with one exception related to a July 2020 withdrawal of $5,000.00. In contradictory testimony, the Debtor stated that she is holding an unspecified amount of cash, traceable to these withdrawals, in a safe on her property. It is unclear whether or how much of the cash was in the Debtor's possession when she filed this bankruptcy case, and how much may have

---

[1] Prior to the examination, the Debtor provided her 2020 bank statements except for the statement spanning April-May 2020. The Creditor does not know whether the Debtor made additional cash withdrawals during that period.

been accumulated post-petition. The Debtor did not provide any clarification of this issue at the examination. The Debtor stated on her Schedule B that she had $1,000.00 in her Eastern Bank checking account and $100.00 cash on hand at the time of filing.

5. The Debtor also testified that she has regularly used and continues to regularly use her mother's Citi and Discover credit cards to pay various expenses. These are the same Citi and Discover cards listed on her Schedule F in an "unknown" amount. She testified that her mother also regularly makes charges to those cards. The Debtor's bank statements show a little over $10,000.00 in payments to Citi and Discover in the 90 days prior to filing, and a little over $15,000.00 in payments post-petition. The Debtor testified that her mother provides her with cash to pay the portion of the charges attributable to her and the Debtor then makes payments to the cards with a combination of the funds provided by her mother and her own funds. The Debtor was unable to provide any specific information about the extent of her credit card use or what portion of the payments she has made is attributable to her credit card use.

6. Fed. R. Bankr. P. 2004 permits any party in interest to examine the Debtor relating to the "acts, conduct, or property or to the liabilities and financial condition of the Debtor, or any matter which may affect the administration of the Debtor's estate or to the Debtor's right to a discharge." Fed. R. Bankr. P. 2004(a)-(b). The scope of a Rule 2004 examination is "unfettered and broad" and the rule itself is "peculiar to bankruptcy law and procedure because it affords few of the procedural safeguards that an examination under Rule 26 of the Federal Rules of Civil Procedure does." In re Table Talk, Inc., 51 B.R. 143, 145 (Bankr. D. Mass. 1985). "[A] large latitude of inquiry should be allowed in the examination of persons closely connected with the bankrupt in business dealing, or otherwise, for the purposes of discovering assets and unearthing frauds, upon any reasonable surmise that they have assets of the debtor . . . The examination is of necessity to a considerable extent a fishing expedition." In re GHR Energy Corp., 33 B.R. 451, 453 (Bankr. D. Mass. 1983).

7. Based on the broad scope of Rule 2004 and the "large latitude of inquiry" permitted by the Rule, Id., the Creditor files this Supplemental Motion to (1) seek authority from the Court to subpoena either the Debtor's mother and/or Citi and Discover to obtain pre- and post-petition credit card statements and (2) request an Order from the Court permitting the Creditor to immediately inspect the safe the Debtor referred to during the examination.

## Request for Emergency Determination

8. The Creditor requests that the Court consider this Motion on an emergency basis because of the portability of the cash which, according to the Debtor, is in the safe on her property. Immediate examination of the safe will lessen the possibility of the Debtor taking steps to further conceal the cash, which she has thus far failed to disclose.

WHEREFORE, the Creditor, Charles Street Family Chiropractic, Inc. respectfully requests that this Court:

1. Consider this Motion on an emergency basis and schedule a hearing (if needed) as immediately as possible;

2. Enter an Order permitting the Creditor to subpoena the Debtor's mother and/or Citi and Discover to obtain pre- and post-petition credit card statements;

3. Enter an Order requiring the Debtor to provide the Creditor, its counsel, or agent, immediate access to the safe that is on the Debtor's property referred to by the Debtor during the examination so that the contents of the safe may be examined; and

4. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,
Charles Street Family Chiropractic, Inc,
By its attorney,

Dated: July 22, 2020

/s/ Joshua A. Burnett, Esq.
Joshua A. Burnett, Esq., BBO# 677792
BRAUCHER & AMANN, PLLC
764 Chestnut Street
Manchester, NH 03104
Telephone: 603-486-1530
Email: jburnett@ba-lawgroup.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| IN RE:<br><br>Jennifer Magny<br><br>　　　　　Debtor | Chapter 13<br>Docket No: 19-14296-FJB |
|---|---|

## CERTIFICATE OF SERVICE

I, Joshua A. Burnett, Esq., certify that a copy of the **Supplemental Motion to Conduct Rule 2004 Examination and Request for Emergency Determination**, relative to the above entitled matter, has been served by electronic mail via the U.S. Bankruptcy Court's CM/ECF system to the Office of the United States Trustee, the Office of the Chapter 13 Trustee, counsel for the Debtor, and all other parties who have requested such notice.

　　　　　　　　　　　　　　　　Signed under pains and penalties of perjury,

Dated: July 22, 2020　　　　　　　/s/ Joshua A. Burnett, Esq.
　　　　　　　　　　　　　　　　Joshua A. Burnett, Esq., BBO# 677792
　　　　　　　　　　　　　　　　BRAUCHER & AMANN, PLLC
　　　　　　　　　　　　　　　　764 Chestnut Street
　　　　　　　　　　　　　　　　Manchester, NH 03104
　　　　　　　　　　　　　　　　Telephone: 603-486-1530
　　　　　　　　　　　　　　　　Email: jburnett@ba-lawgroup.com